UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE JENSEN,<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO DEPARTMENT OF CHILD AND YOUTH SERVICES, et al.,<br><br>Defendants. | Case No. 2:24-cv-01289-DJC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2, 3) |

Plaintiff Yvonne Jensen is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons outlined below, the Court recommends Plaintiff's IFP request be DENIED, and the Complaint[2] be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim.

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2] Plaintiff filed a pleading labeled as a purported removal of a state court action. *See* ECF No. 1. Because there is no indication that this is a true and proper removal, Plaintiff's filing is construed as a Complaint initiating action in this federal court. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (liberal construction appropriate of pro se pleadings).

1

## I. MOTION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id.* The IFP statute does not itself define what constitutes insufficient assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id.* Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id.* According to the United States Department of Health and Human Services, the current poverty guideline for a household of 1 (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's affidavit indicates she receives a gross wage of $24 per hour, and a take-home biweekly wage of $1,400, i.e., $33,600 annually, with a monthly net income of $2,800. *See* ECF No. 2. Plaintiff states she has no liquid assets and has monthly expenses of approximately $2,275. *Id.*

Thus, Plaintiff's gross household income significantly exceeds the 2024 poverty guideline and she has approximately $525 per month remaining in expendable income. Given this, the Court cannot find Plaintiff unable to pay. *See Escobedo*, 787 F.3d at 1234. While the Court is sympathetic to Plaintiff's situation, she is not indigent and numerous litigants in this court have significant monthly expenditures. Thus, the Court recommends Plaintiff's IFP motion be denied. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

Further, "[a] district court may deny leave to proceed in forma pauperis at the

2

outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Department of Child Support Services,* 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). The Court therefore also recommends Plaintiff's IFP motion be denied because, as discussed in more detail below, it appears from the face of the Complaint that this action is frivolous and lacks merit.

Presently, a filing fee of $405.00 is required to commence a civil action in this court. In recognition of Plaintiff's financial resources, the Court finds it appropriate to allow Plaintiff the opportunity to pay the filing fee in three (3) monthly installments until the full filing fee is satisfied.

**II.     SCREENING REQUIREMENT**

Even if the Court were to grant Plaintiff's IFP motion, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and

construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe*, 627 F.3d at 342 & n.7 (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

### III. DISCUSSION

#### A. Complaint

Plaintiff labeled her pleading initiating this federal court action as a purported removal of a state court action. *See* ECF No. 1. Because there is no indication that this is a true and proper removal, Plaintiff's filing is properly construed as a Complaint initiating action in this federal court. *See Hebbe*, 627 F.3d at 342.

Plaintiff appears to be challenging an ongoing state court juvenile dependency action involving her minor child. Compl. at 2. (ECF No. 1). Plaintiff alleges that both she and her prior state court attorney, Daryl Lander were not served with the state court filings related to the state court juvenile dependency action. *Id.* at 3. Plaintiff further

4

alleges her prior state court attorney was "removed without notice or cause." *Id.* Plaintiff also attaches various emails, letters and state court filings relating to Plaintiff's legal representation in the state court juvenile dependency action. *See id.* at 5-12.

### B. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint states no basis for federal court jurisdiction, and none is apparent. No federal cause of action is asserted, and no federal claims are suggested by the facts, to the extent the facts are discernible. This action involves a state court juvenile dependency matter involving purely state law issues. *See* Compl. Therefore, the Court lacks subject matter jurisdiction based on federal question.

In addition, the Complaint fails to establish diversity jurisdiction. Plaintiff fails to state the amount in controversy and does not establish complete diversity of citizenship. On the face of the Complaint, all parties appear to be citizens of California. *See* Compl. at 1. Plaintiff also identifies in the civil cover sheet that both Plaintiff and Defendants are

citizens of California. Compl. at 13; *see Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). Because there is no diversity of citizenship established here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction.

### C. Failure to Comply with Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). The Court is unable to discern what causes of action Plaintiff intends to bring. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

### D. Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is unintelligible and consists entirely of allegations with no basis in law. *See generally* Compl. The Complaint does not contain facts supporting any cognizable legal claim against Defendants. In light of the Court's lack of subject matter jurisdiction and the Complaint's deficiencies, granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

///

### IV. MOTION FOR ACCESS TO ELECTRONIC FILING

Plaintiff requests access to the Court's electronic case filing system. (ECF No. 3.) The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motion for access to electronic filing does not provide good cause to deviate from this Local Rule. Thus, Plaintiff's motion is denied.

### V. CONCLUSION

In accordance with the above, IT IS **ORDERED** that Plaintiff's motion for access to electronic filing (ECF No. 3) is DENIED.

In addition, IT IS **RECOMMENDED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff be granted leave to satisfy the filing fee in three (3) monthly installment payments of $135;
3. The Complaint be dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim, and where amendment would be futile; and
4. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time

///
///
///
///

may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 6, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, jens1289.24